FILED
United States Court of Appeals
Tenth Circuit

May 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONACIANO OLIVO;
CLARENCE PACHECO,

Plaintiffs-Appellants,

v.

CRAWFORD CHEVROLET INC.,

Defendant-Appellee,

and

CARL ROMERO,

Defendant.

No. 12-2116
(D.C. No. 6:10-CV-00782-BB-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs Donaciano Olivo and Clarence Pacheco appeal from the district court's partial grant of their request for attorney's fees under 29 U.S.C. § 216(b), as prevailing parties. We affirm in part and reverse in part.

## I. Background

Plaintiffs sued defendants, asserting four claims: (1) violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and the New Mexico Minimum Wage Act (NMMWA); (2) retaliation under the FLSA and the NMMWA; (3) unjust enrichment; and (4) discrimination under 42 U.S.C. § 1981. *See* Aplt. App. at 154. Plaintiffs were represented by Brandt Milstein, a Colorado attorney who specializes in wage cases, and Daniel Yohalem, a New Mexico lawyer who specializes in discrimination cases. The case was tried to the court, which found for plaintiffs and awarded damages to them only on their FLSA claim. *Id.* at 35-36. As prevailing parties on this claim, plaintiffs were entitled to an award of attorney's fees under 29 U.S.C. § 216(b).

In their motion for attorney's fees, Mr. Yohalem and Mr. Milstein requested $160,677.00 in fees (expressly including the New Mexico Gross Receipts Tax for Mr. Yohalem) and $5360.00 in recoverable costs, for a total initial requested award of $166,037.00.[1] Aplt. App. at 40. Their motion explained that they had already "adjusted their billings to eliminate work performed on claims Plaintiffs lost at trial," had "taken care to exclude duplication of effort and all unnecessary team efforts,"

_____

[1] We have corrected a transposition error in the total stated in the motion.

- 2 -

had reduced their billings for "[a]ny amount of time that may have been excessive for a particular task," and had charged "[n]o time spent on any clerical activities." *Id.* at 44. They also explained that Mr. Yohalem had reduced his billings by a greater percentage than Mr. Milstein "because Mr. Yohalem specializes in discrimination cases, and thus spent more time on the discrimination aspects of this litigation [on which plaintiffs did not prevail], while Mr. Milstein specializes in wage cases, and thus spent more time on the wage aspects of this litigation" on which plaintiffs were successful. *Id.* at 44-45. They also stated that they had deducted all of the costs related to plaintiffs' expert witness and "all costs associated with Plaintiffs' interviews of their medical providers." *Id.* at 49. They attached affidavits in support of their requested hourly rates, as well as their adjusted invoices, which showed "NO CHARGE" or zeroed-out charges on various lines throughout. *See generally id.* at 61-68, 77-104. Mr. Yohalem's invoices included a line item showing an amount for the New Mexico Gross Receipts Tax at 8.1875 percent. *Id.* at 68. In their reply brief, the attorneys also requested $4442.50 in fees for the number of hours they spent litigating the contested fee motion, bringing their total requested fees and costs to $170,479.50.[2] *Id.* at 146, 152.

Defendants did not oppose the hourly rates Mr. Yohalem and Mr. Milstein requested. But defendants argued that Mr. Yohalem and Mr. Milstein should be awarded only twenty-five percent of their total fee request, for a total award of less

[2] We have corrected a transposition error in the total in the reply brief as well.

- 3 -

than $45,000.00, because they prevailed on only one of the four claims they had asserted. *See id.* at 107-08. Defendants marked up the invoices, circling on the left side the line items they thought would be reasonable to award and lining out other items they thought should not be awarded. *See generally id.* at 110-145.

The district court adopted the hourly rates Mr. Yohalem and Mr. Milstein proposed, but substantially reduced the number of hours requested on the invoices. The court reviewed defendants' marked-up copy, writing to the right of most of the line items the amount the court would award, and showing whether the award was for the amount Mr. Yohalem or Mr. Milstein had originally requested, a reduced amount, or nothing. *See generally id.* at 159-94. The court also showed a subtotal of the amounts awarded at the bottom of each page of the invoices. *See generally id.* The line item for Mr. Yohalem's request for the New Mexico Gross Receipts Tax was not marked up by either defendants or the district court, and the court's subtotal on the relevant page shows that no amount was awarded for this tax. *See id.* at 194. The invoices did not show Mr. Yohalem's and Mr. Milstein's request for fees to litigate the contested fee motion, which was made in their reply brief, and the court did not write on the invoices any comment or amount related to this request. The court awarded Mr. Yohalem and Mr. Milstein a total of $79,248.28 to compensate them for the hours reasonably expended on the case, which was less than half the amount they had requested, but which was considerably more than defendants had argued they should be awarded.

- 4 -

II. Issues and Discussion

"We review the district court's award of attorney's fees for a clear abuse of discretion." *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996). "The district court should, however, 'provide a concise but clear explanation of its reasons for the fee award.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "An abuse of discretion is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002) (internal quotation marks omitted). "We review the statutory interpretation or legal analysis that formed the basis of the award de novo." *Malloy*, 73 F.3d at 1017.

Mr. Yohalem and Mr. Milstein argue that the district court abused its discretion by: (1) failing to explain why it reduced their request for fees by approximately half, after they had already substantially reduced their fees to include only their work on issues on which they prevailed at trial; (2) failing to discuss or explain why it omitted all of the attorney's fees they requested for the time and effort spent litigating the contested motion for fees; and (3) failing to discuss or explain why it omitted all amounts requested for the New Mexico Gross Receipts Tax that will be paid on the fees awarded to Mr. Yohalem.

The Supreme Court has held that "the district court has discretion in determining the amount of a fee award," which "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S.

- 5 -

at 437.  "When an adjustment is requested on the basis of . . . the . . . limited nature of the relief obtained by the plaintiff[s]," *id.*, the district court's explanation must "answer the question of what is 'reasonable' in light of that level of success," *id.* at 439.  It is not sufficient for the court to make "a mere conclusory statement that [the awarded] fee was reasonable in light of the success obtained."  *Id.* n.15.  The Court has recently further explained that

> [i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination. . . .  Unless such an explanation is given, adequate appellate review is not feasible, and without such review, widely disparate awards may be made, and awards may be influenced (or at least, may appear to be influenced) by a judge's subjective opinion regarding particular attorneys or the importance of the case.

*Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1676 (2010).  But "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley*, 461 U.S. at 437.  "The applicant should exercise 'billing judgment' with respect to hours worked, . . ., and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Id.*

Based on these guiding principles, we affirm the district court's award for the hours it allowed for Mr. Yohalem's and Mr. Milstein's work through the trial of the case.  The court set out the framework for its decision in its order, summarized the parties' arguments, and held that "Plaintiffs are entitled to all the fees and costs they spent litigat[ing] their FLSA claim but few of the fees incurred on overlapping

- 6 -

claims." Aplt. App. at 155. The court stated that it had "engaged in a line by line review of the bills of Plaintiffs' counsel and parsed out those that sustained their FLSA claims." *Id.* at 157. The court expressly allowed billing "directly related to or intertwined with Plaintiffs' successful claim." *Id.* at 158.

We have carefully reviewed the record. It is apparent that the court began with defendants' marked-up version of Mr. Yohalem's and Mr. Milstein's invoices, and then reduced numerous individual line items further. *See* Aplt. App. at 159-85, 187-94. The court also awarded fees for some hours that defendants had lined out. *See id.* at 163-64, 166-68, 170, 180, 184. While the explanation in the court's order is brief, the court did not adopt defendants' view of Mr. Yohalem's and Mr. Milstein's requested fees. Rather, it is clear that the court exercised its independent judgment based on its "'superior understanding of the litigation.'" *See Carter v. Sedgwick Cnty.*, 929 F.2d 1501, 1507 (10th Cir. 1991) (quoting *Hensley*, 461 U.S. at 437). The explanation in the court's order was not "a mere conclusory statement that [the awarded] fee was reasonable in light of the success obtained." *Hensley*, 461 U.S. at 439 n.15.

In their brief on appeal, Mr. Yohalem and Mr. Milstein point to some examples of line items they contend should have been awarded. But the descriptions on those examples are vague, and we are not persuaded that the district court acted arbitrarily by not viewing those hours as connected to plaintiffs' FLSA claim. In short, we hold that the district court's explanation was adequate for judicial review,

and the court did not abuse its discretion in reducing Mr. Yohalem's and Mr. Milstein's fee request for their work through the trial of the case. We note, however, that the trial court's explanation in this case is close to the most minimal explanation we could affirm. District courts should heed the Supreme Court's guidance in *Hensley* and *Perdue* in articulating their attorney's fee awards.

We conclude, however, that the district court abused its discretion by failing to discuss in its order Mr. Yohalem's and Mr. Milstein's request for fees for litigating the fee motion in the district court and Mr. Yohalem's request for fees for the New Mexico Gross Receipts Tax. Our review of the district court's calculations shows us that no amount was awarded for either of these items, but we are unable to discern why. The New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award. *See Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 901-02 (10th Cir. 1986); *Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 287 P.3d 318, 324 (N.M. Ct. App. 2012). On these two issues, we reverse for the district court to make an award or explain why it chooses not to.

The judgment of the district court is affirmed in part and reversed in part, and the case is remanded for additional proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge